UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


CADENCE BANK, N.A.,
a national banking association,

       Plaintiff,

v.                                                4:12cv38-WS

MANAUSA HOLDINGS, LLC,
et al.,

       Defendants.

_____

### ORDER ADOPTING THE MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

Before the court is the magistrate judge's report and recommendation (doc. 47) docketed March 30, 2012. The magistrate judge recommends that the plaintiff's motions for appointment of a receiver be granted. The defendant Minausa Holdings, LLC, has filed objections to the report and recommendation. In its objections, the defendant does not explain why the plain language of the mortgage—wherein the defendant agreed to the appointment of a receiver upon default of the underlying loan—should be ignored.

Having reviewed the record, the court finds that the magistrate judge's report and recommendation should be adopted. Accordingly, it is ORDERED:

1. The magistrate judge's report and recommendation (doc. 47) is ADOPTED and incorporated by reference into this order.

2. The plaintiff's motions (docs. 5 & 32) for appointment of receiver are GRANTED.

3. Robert E. Swett is hereby appointed as Receiver of all that certain real property located in Leon County, Florida as more particularly described on the attached **Exhibit "A"** (the "Real Property") together with all the rents, income and profits from the Real Property (the "Rents", and together with the Real Property, the "Property").

4. The Receiver shall, within fifteen (15) days after the date of this Order, file a good and sufficient bond in the sum of Ten Thousand Dollars ($10,000.00) conditioned upon the full and faithful performance of his duties as Receiver as prescribed by this Order and by such further orders of this Court as may be made and entered.

5. The Receiver is authorized to immediately enter upon, receive, take and have possession of the Property. Until further order of this Court, the Receiver shall have complete and exclusive control, possession and custody of the Property.

6. Defendants, **MANAUSA HOLDINGS, LLC**, **MICHELE MANAUSA** and **JOSEPH P. MANAUSA**, and their officers, servants, agents, managers, members, employees, attorneys and other persons in active concert or participation with them, who have possession of the Property, are ordered to deliver immediately to the Receiver all of the Property, and they, and each of them, are enjoined from interfering in any way with the Receiver or with any of the Property until the further order of this Court.

7. Defendants, **MANAUSA HOLDINGS, LLC**, **MICHELE MANAUSA** and **JOSEPH P. MANAUSA**, and their officers, servants, agents, managers, members, employees, attorneys and other persons in active concert or participation with them,

who have possession of the Property, are further ordered to deliver to the Receiver or his representative, all keys, combinations to locks and pass codes required to open or gain access to any part of the Property, and all money deposited in any bank to the credit of **MANAUSA HOLDINGS, LLC**, **MICHELE MANAUSA** and **JOSEPH P. MANAUSA**, or any one of them, relating to the Property, including any security deposits relating to the leasing of the Property, all lease agreements for the leasing of any portion of the Property, all contracts , written agreements, rent rolls or accounts for the maintenance, operation and management of the Property, and any other money or things of value of said Defendants relating to the Property.

    8.  The Receiver is hereby granted all the usual, necessary and incidental powers for the purpose of managing and maintaining the Property, including the power to (a) appoint and retain such agents as the Receiver considers necessary to enable the Receiver to perform the Receiver's duties; (b) to open such bank accounts as deemed necessary for the deposit and maintenance of funds received from or in connection with the Property; (c) to make, execute, deliver and terminate any contracts or leases for the benefit of the Property; (d) to collect rents, income, profits, issues and revenues from the Property; (e) to pay all reasonable expenses for the operation, management and maintenance of the Property; (f) to bring a lawsuit in eviction or for the collection of rents; (g) to purchase and carry insurance of any kind and in such amounts as the Receiver deems advisable for the benefit of the Property; (h) to pay all taxes and assessments on the Property; (i) to maintain such reserves as deemed necessary for the operation and maintenance of the Property; and (j) to retain and set aside such funds as may be available to be applied to the payment of the mortgage payments to

Plaintiff as the holder of the first mortgage on the Property, pending further Order of this Court.

9. The Receiver shall file in the Clerk's office a true and complete inventory under oath of the Property coming under the receiver's control or possession under the Receiver's appointment within twenty (20) days from the date of this Order.

10. No less than every three (3) months thereafter, the Receiver shall, unless otherwise ordered by this Court, file in the Clerk's office an inventory and account under oath of any additional property or effects which the Receiver has discovered or which shall have come to the Receiver's hands since appointment, and of the amount remaining in the hands of or invested by the Receiver, and of the manner in which the same is secured or invested, stating the balance due from or to the Receiver at the time of rendering the last account and the receipts and expenditures since that time.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for all purposes. The Receiver is authorized, empowered, and directed to apply to this Court, with notice to the parties, for issuance of whatever additional orders may be necessary and appropriate in order to carry out the mandate of this Court.

IT IS FURTHER ORDERED that this Order will remain in effect until modified by further order of this Court.

DONE AND ORDERED this ___13th___ day of ___April___,2012

                                 s/ William Stafford
                                 WILLIAM STAFFORD
                                 SENIOR UNITED STATES DISTRICT JUDGE

**EXHIBIT "A"**

BEGIN AT A COPPER PIN IN THE CENTER LINE OF PARK AVENUE SAID COPPER PIN MARKING THE SOUTHEAST CORNER OF THE NORTHWEST ONE-QUARTER OF SECTION 31, TOWNSHIP 1 NORTH, RANGE 1 EAST, AND RUN THENCE NORTH ALONG THE QUARTER SECTION LINE A DISTANCE OF 510 FEET TO THE NORTHEAST CORNER OF LOT 8, BLOCK "B", EAST HIGHLANDS A SUBDIVISION APPEARING OF RECORD IN PLAT BOOK 2, PAGE 83, PUBLIC RECORDS OF LEON COUNTY, FLORIDA, SAID CORNER BEING MARKED BY A P.R.M., THENCE RUN NORTH 73 DEGREES EAST ALONG THE SOUTH BOUNDARY LINE OF THE 50 FOOT RIGHT OF WAY OF CALL STREET, A DISTANCE OF 165 FEET, TO A POINT MARKED BY AN IRON PIPE, THENCE RUN SOUTH ALONG A LINE 157.8 FEET FROM AND PARALLEL TO THE WEST BOUNDARY LINE OF THE PROPERTY BEING DESCRIBED, A DISTANCE OF 259.4 FEET, MORE OR LESS, TO A POINT ON THE NORTH BOUNDARY LINE OF PROPERTY OF DOLA C. VARNER, THE DESCRIPTION OF WHICH APPEARS IN DEED BOOK 138, PAGE 357, PUBLIC RECORDS OF LEON COUNTY, FLORIDA, THENCE RUN WEST ALONG THE NORTH BOUNDARY LINE OF PROPERTY OF SAID DOLA C. VARNER, A DISTANCE OF 2 1/2 FEET TO THE NORTHWEST CORNER OF PROPERTY OF SAID DOLA C. VARNER, SAID POINT BEING MARKED BY AN IRON PIPE, THENCE RUN SOUTH ALONG THE WEST BOUNDARY LINE OF PROPERTY OF DOLA C. VARNER AS DESCRIBED IN DEED BOOK 138, PAGE 357, AND DEED BOOK 104, PAGE 49, PUBLIC RECORDS OF LEON COUNTY, FLORIDA, A DISTANCE OF 298.8 FEET TO A POINT ON THE CENTER LINE OF SAID PARK AVENUE, THENCE RUN WEST ALONG THE CENTER LINE OF SAID PARK AVENUE, A DISTANCE OF 154.7 FEET TO THE POINT OF BEGINNING.

LESS ANY RIGHT OF WAY FOR PARK AVENUE.

MORE PARTICULARLY DESCRIBED BY A RECENT SURVEY AS FOLLOWS:

COMMENCE AT A COPPER PIN IN THE CENTERLINE OF PARK AVENUE MARKING THE SOUTHEAST CORNER OF THE NORTHWEST QUARTER OF SECTION 31, TOWNSHIP 1 NORTH, RANGE 1 EAST, LEON COUNTY, FLORIDA, AND RUN NORTH ALONG THE QUARTER SECTION LINE A DISTANCE OF 20.00 FEET TO A CONCRETE MONUMENT ON THE NORTH BOUNDARY OF SAID PARK AVENUE FOR THE POINT OF BEGINNING. FROM SAID POINT OF BEGINNING CONTINUE NORTH ALONG SAID QUARTER LINE 488.51 FEET TO A CONCRETE MONUMENT ON THE SOUTHERLY RIGHT OF WAY BOUNDARY OF CALL STREET (50 FOOT RIGHT OF WAY) (SAID CONCRETE MONUMENT MARKING THE NORTHEAST CORNER OF LOT 8, BLOCK "B" OF EAST HIGHLANDS AS RECORDED IN PLAT BOOK 2, PAGE 83 OF THE PUBLIC RECORDS OF LEON COUNTY, FLORIDA), THENCE NORTH 73 DEGREES 06 MINUTES 35 SECONDS EAST ALONG THE SOUTHERLY RIGHT OF WAY BOUNDARY OF SAID CALL STREET A DISTANCE OF 165.00 FEET TO A CONCRETE MONUMENT, THENCE SOUTH 00 DEGREES 29 MINUTES 17 SECONDS WEST 258.12 FEET TO A CONCRETE MONUMENT ON THE NORTH BOUNDARY OF PROPERTY DEEDED TO DOLA C. VARNER AND

CHARLOTTE VARNER HOUTS AND RECORDED IN OFFICIAL RECORDS BOOK 714, PAGE 692 OF THE PUBLIC RECORDS OF LEON COUNTY, FLORIDA, THENCE WEST ALONG THE NORTH BOUNDARY OF SAID PROPERTY 2.55 FEET TO A CONCRETE MONUMENT MARKING THE NORTHWEST CORNER OF SAID PROPERTY, THENCE SOUTH 00 DEGREES 17 MINUTES 56 SECONDS EAST ALONG THE WEST BOUNDARY OF SAID PROPERTY 278.96 FEET TO AN IRON PIPE ON THE NORTH BOUNDARY OF SAID PARK AVENUE, THENCE NORTH 89 DEGREES 45 MINUTES 54 SECONDS WEST ALONG SAID NORTH BOUNDARY 154.58 FEET TO THE POINT OF BEGINNING.

THE FOREGOING PROPERTY HAVING BEEN SUBMITTED TO THE CONDOMINIUM FORM OF OWNERSHIP ACCORDING TO THE DECLARATION OF CONDOMINIUM RECORDED IN OFFICIAL RECORDS BOOK 4062, PAGE 1837, AND AMENDED BY DOCUMENT RECORDED IN OFFICIAL RECORDS BOOK 4065, PAGE 727, OF THE PUBLIC RECORDS OF LEON COUNTY, FLORIDA.